Terri Jean LAZEVNICK, a Minor, by her parents and natural guardians, Robert Lazevnick and Cynthia Lazevnick, and Robert and Cynthia Lazevnick, in their own right, Plaintiffs,

v.

GENERAL HOSPITAL OF MONROE COUNTY, a/k/a Pocono General Hospital, Inc. and F. A. Gruszka, M. D., Defendants.

Civ. A. No. 78–1259.

United States District Court,
M. D. Pennsylvania.

Aug. 4, 1980.

Dick M. Allison, Austin, Tex., Thomas J. Foley, Jr., Scranton, Pa., for plaintiffs.

Rudolph Zieger, Jr., Lipson & Zieger, Allentown, Pa., for General Hospital of Monroe County.

Irwin Schneider and Nogi, O'Malley & Harris, Scranton, Pa., for F. A. Gruszka.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Plaintiffs initiated this action by filing a complaint with the Court on December 20, 1978, against the General Hospital of Monroe County, a/k/a Pocono Hospital, Inc. After the first depositions were taken, Plaintiffs amended their complaint, with leave of court to add F. A. Gruszka as a Defendant. The amended complaint was filed on April 9, 1979.

On May 2, 1980, Defendant Gruszka moved for partial summary judgment in his favor. The motion was briefed by both sides, and is now before the Court.

Rule 56(c) provides that a motion for summary judgment may be granted only if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the burden of proving that there exists no genuine issue of fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Scooper Doop-*

*er, Inc. v. Kraftco Corp.*, 494 F.2d 840 (3rd Cir. 1974). The existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party. *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3rd Cir. 1978). Because we find that there is a genuine issue of material fact as to the pathologist's relationship with the hospital, and therefore as to his liability, the motion will be denied.

The factual situation which gave rise to this action is as follows:

Plaintiff Cynthia Jean Lazevnick resided in the Stroudsburg area in 1971, during her first pregnancy. In the course of his treatment, her physician advised her to go to the Monroe County General Hospital for blood typing. She did so on January 7, 1971. The report then transmitted to her physician listed her blood type as A positive.

The records of the laboratory kept in the regular course of its business show that the test results differed from the report sent to Dr. Jones. Mrs. Lazevnick's blood type was in fact O negative.

Mrs. Lazevnick gave birth to her second child, Terri Jean, on June 29, 1977. The child was born with brain damage and paralysis on the right side of her body, which allegedly was caused by hemolytic blood disease suffered as a result of the incorrect blood typing. If Mrs. Lazevnick's blood type had been correctly reported to her physician during her first pregnancy, measures could have been taken which would have prevented the type of prenatal injury subsequently suffered by Terri Jean.

Lazevnicks brought this lawsuit on behalf of their injured minor child, and on their own behalf seeking to recover for the negligence, and breach of warranties of the health care providers, Pocono General Hospital and F. A. Gruszka. They also seek to recover for strict liability in tort.

Defendant Gruszka was Chief of the Laboratory at the hospital when Mrs. Lazevnick's blood was tested in 1971. Plaintiffs allege that his negligence, or that of his agents, servants and employees caused Ter-

ri Jean's injuries, and seek to recover from him for his alleged negligence and on a theory of vicarious liability for the actions of the other employees.

Gruszka filed a motion for partial summary judgment. He contends that he was an employee of the hospital at this time, and cannot be held vicariously liable for the actions or omissions of other employees. He relies on *National Homeopathic Hospital v. Phillips*, 181 F.2d 293 (D.C. Cir., 1950). In that case, a technician made a typing mistake which led to a transfusion of incompatible blood to a patient. The patient died. The hospital was found liable for the negligence of the lab technician on the principle of respondeat superior. This case is not determinative of the question before us. In its holding that the hospital was liable, the court does not discuss the possible liability of the physician who directed the laboratory.

The more recent Pennsylvania cases, cited by the Plaintiffs in support of their opposition to Defendant's motion have dealt with this issue in the context of a surgeon performing an operation in a hospital operating room.

The seminal case in this area is *McConnell v. Williams*, 361 Pa. 355, 65 A.2d 243 (1949). McConnell was a practicing surgeon who requested the assistance of a hospital intern during a complicated obstetrical procedure. While McConnell cared for the mother following a caesarian delivery, the intern cared for the newborn infant, and negligently applied silver nitrate to the child's eyes, causing permanent injury. Recovery was sought from both the hospital and the surgeon. In holding that the entry of a compulsory nonsuit in favor of the physician was error, Court likened the position of a surgeon in an operating room to the captain of a ship, and concluded:

"It is for the jury to determine whether the relationship between the defendant and intern, at the time the child's eyes were injured, was that of master and servant. If such was the relationship, defendant is legally liable for the injury caused by the intern's alleged negligence.

In determining whether the intern was defendant's servant at that time the mere fact that he was in the general employ of the hospital would not prevent the jury from also finding that he was also at that same time the servant of the defendant if he was then subject to his orders in respect to the treatment of the child's eyes with the silver nitrate solution." *McConnell v. Williams*, 361 Pa. at 366–367, 65 A.2d at 248.

The *McConnell* principle was applied by the Pennsylvania Supreme Court to the situation of a surgeon and chief anesthesiologist in *Rockwell v. Stone*, 404 Pa. 561, 173 A.2d 54 (1961). In *Rockwell*, the negligent act was done by an anesthesiologist who improperly administered an injection of sodium pentothal. Defendant Stone was Chief of Anesthesiology. The negligent act was not done by Stone himself, but all that took place was under his direction, control and supervision. The Court found that the facts in *Rockwell* brought the case clearly within *McConnell*, and upheld a jury verdict against Stone, on the basis that the jury could have found that he was personally negligent and also vicariously liable for the negligence of his subordinate.

The *McConnell* principle was extended to allow recovery against both physicians and hospitals in *Tonsic v. Wagner*, 458 Pa. 246, 329 A.2d 497 (1974), a case which was brought against a hospital and a surgeon who had failed to remove a clamp during surgery. The Court relied on *McConnell* and Restatement (Second) of Agency § 226 (1957) to conclude that hospitals as well as operating surgeons owe a duty to a patient:

"If the duty is breached under circumstances from which a jury could reasonably conclude that the negligent party was at the same time the servant of two masters, both masters may be liable." *Tonsic v. Wagner*, 458 Pa. at 253, 329 A.2d at 501.

In a recent case factually very similar to *Rockwell v. Stone* in that it involved negligence on the part of an anesthesiologist, the Court relied on this line of cases to conclude that a physician, as chief of a department

could be held liable on an agency theory for a staff member's negligence. The court noted that the evidence showed that Goldstein had the requisite right of control over his staff, but stated that "where inferences are not entirely clear, questions of agency are for the jury's determination." *Schneider v. Albert Einstein Medical Center*, 257 Pa.Super. 348, 390 A.2d 1271, 1280 (1978).

These cases have dealt with the operating room situation, where a surgeon and hospital have been held possibly liable for negligence of a staff member.

Dr. Gruszka was not a surgeon, but he was Head of the Laboratory, a hospital department. Factually this case is most similar to *Rockwell*. The negligent act was performed by a member of the laboratory's staff. At the time, that person was an employee of the hospital, but was working in a department directly supervised by Gruszka. Whether he was a hospital employee or an independent contractor is not the real issue here—it is the degree of control he exercised over the staff members who worked in his laboratory.

Under *McConnell* and its progeny, a person may be found to be the servant of two masters, not joint employers, at one time as to one act, provided that service to one does not involve abandonment of service to the other. Restatement (Second) of Agency, § 226 (1957). The fact that the lab technician was in the general employ of the hospital does not necessarily prevent a finding that he was also the servant of the Defendant if he was subject to his orders in respect to performing the blood test and recording its results.

Since there is a question of fact as to the control exercised by Gruszka in the lab, and his role vis a vis the hospital at the time the incident here involved occurred, we must find that there is a genuine issue of fact. Partial summary judgment as to Defendant's possible liability is therefore inappropriate and will not be granted.